Dear Mr. Prejeant:
This office is in receipt of your recent request for an Attorney General's opinion on behalf of your client, the Board of Commissioners of Terrebonne Parish Consolidated Waterworks District No. 1, regarding the District's proposed provision of water to the homeowners of a proposed subdivision within the District, specifically Cocodrie Cove Subdivision, the streets of which subdivision will not be dedicated to or maintained by the parish, although the streets will open to the public and available for public use. Specifically, you are interested in determining if the District can approve this development, and accept ownership of, and responsibility for maintenance of, the Waterlines within the subdivision after same have been installed by the developer.
According to your correspondence, the developers of the proposed subdivision will install all of the waterlines located within the subdivision in appropriate sizes and in accordance with District specifications. After proper installation and testing acceptable to the District, the lines (excluding those on the customer's side) are to be transferred to the District and will become part of the District's existing distribution system. The subdivision plan also provides for appropriate dedication of rights of way for maintenance of waterlines in favor of the District. Unlike most other developments within the District, however, the development does not provide for dedication of the subdivisions streets, which will be privately maintained.[1] You advise that the District's opinion request comes as a direct result of an opinion recently issued by this office to the Terrebonne Parish Council on what the District perceives to be a similar matter, namely Attorney General's Opinion No. 02-0262. Therein, this office advised that public funds cannot be utilized for the installation or maintenance of lights on private property, along private streets or roads, or in subdivisions where streets or roads have not been properly dedicated to and accepted for public use, as same would be tantamount to a donation of public funds in violation of La. Const. Art. VII, Sec. 14. Apparently, that opinion has caused some of the District's board members to question whether a Waterworks District should similarly refrain from maintaining waterlines that serve homes on privately owned and maintained streets.
Please reassure your members that in our opinion there is a definite distinction between the installation and maintenance of lights on private roadways and private property, and the installation and/or maintenance of water lines that are necessary to the business and mandate of a waterworks district within properly granted servitudes and rights of way.
Road lighting districts are mandated "to provide and maintain electric lights on streets, roads, highways, alleys, and public places of the district." LSA-R.S. 48:1304. In our opinion, road lighting districts are limited to providing lights and lighting on and along public roads, streets and properties. It is not the business or mandate of road lighting districts to provide, install or maintain lights or lighting on private roads, drives or property.
On the other hand, as noted in your correspondence, ". . . it is the business of the Waterworks District to provide potable water to the citizens of Terrebonne Parish . . .", and the District derives revenue from the sale of water to customers served in such developments. The business of the District can only be accomplished by transporting water through District lines to a customer's service location.
Your letter also clearly indicates that the waterworks district will only repair and maintain waterlines which belong to it, within rights of way granted to it. It is our understanding that the District will not install or maintain lines or equipment on the property of, or on behalf of any individual customer. In this regard, your letter states: "Any repairs to waterlines which are on the customer's side of the meter, or beyond the right of way area belonging to the District, must be undertaken at the cost of the recipient."
Based upon the foregoing, it is the opinion of this office that the Terrebonne Parish Consolidated Waterworks District No. 1 can constitutionally accept ownership of, and responsibility for maintenance of, waterlines located within acceptable and appropriate servitudes or rights of way in favor of the District if such lines have been properly installed by a developer in appropriate sizes and in accordance with District specifications, and if the lines have been determined to be acceptable after proper and appropriate testing by the District. As such, it the opinion of this office that Terrebonne Parish Consolidated Waterworks District No. 1 is not prohibited from approving the Cocodrie Cove Subdivision merely because the streets located within the subdivision will not be owned and maintained by Terrebonne Parish.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
[1] It is our understanding that Terrebonne Parish's requirements for roads which are dedicated call for specific street widths which were not available due to limited areas for this subdivision. The proposed subdivision is enclosed on both the north and south sides by waterways, on the west by wetlands insusceptible of development and on the eastern boundary by a state highway. It is our further understanding that although the subdivisions streets are not to be owned and maintained by the Parish, all of the streets within the subdivision will be open to and accessible by the public.